UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RAMON ALEJANDRO ROQUE REY,

      *Petitioner,*

v.                            Case No. 3:26-cv-1064-JEP-MCR

WARDEN SCOTTY RHODEN,

      *Respondent.*

_____/

## **ORDER**

Petitioner, a detainee of the United States Immigration and Customs Enforcement ("ICE"), filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 on April 30, 2026. (Doc. 1). He argues that his prolonged detention violates the Fifth Amendment's Due Process Clause as the Supreme Court construed it in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Doc. 1 at 5–6). As relief, he seeks immediate release from ICE custody. (*Id.* at 6).

The Supreme Court in *Zadvydas* held that indefinite detention of aliens after a final order of removal raises serious constitutional concerns. 533 U.S. at 690–99. Once an order of removal is final, the government may continue to detain an alien only for a reasonable amount of time. *See id.* at 699–701. The reasonableness of the detention is to be measured "primarily in terms of the statute's basic purpose, namely, assuring the alien's presence *at the moment of*

*removal.*" *Id.* at 699 (emphasis added). The Supreme Court held that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. *Id.* at 700–01. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period [from section 1231(a)(1)(A)] plus 90 days thereafter." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 1052 (quoting *Zadvydas*, 533 U.S. at 701). Thus, "in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If an alien makes these showings, then the burden shifts to the government to rebut the presumption with sufficient evidence establishing that there is "a significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Notably, *Zadvydas* claims asserted prior to the presumptively reasonable six-month period are deemed unripe and subject to dismissal without prejudice. *See Akinwale*, 287 F.3d at 1052; *see also Ramos Alvarez v. U.S. Immigr. & Customs Enf't*, No. 3:25-cv-1038, 2025 WL 2591830, at \*1 (M.D. Fla. Sept. 8, 2025).

Petitioner filed this case on April 30, 2026, which was approximately 176 days since his order of removal became final on November 5, 2025.[1] Although Petitioner has now been detained for longer than six months, his *Zadvydas* claim was not ripe at the time he filed the petition, and this case will be dismissed without prejudice.

Accordingly, it is **ORDERED**:

1. The petition for a writ of habeas corpus (Doc. 1) is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. The **Clerk** shall send Petitioner a blank § 2241 petition form.

**DONE AND ORDERED** in Jacksonville, Florida, on May 19, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner contends that his order of removal was entered on October 6, 2025, and he did not file an appeal. (Doc. 1 at 4). Therefore, Petitioner's order of removal became final upon expiration of the time in which he had to file an appeal, which is thirty days. *See* 8 C.F.R. § 1241.1(c); *see also De La Teja v. United States*, 321 F.3d 1357, 1362–63 (11th Cir. 2003) (recognizing that an order of removal became final upon expiration of the time in which the petitioner had to file an appeal).

c:
Ramon Alejandro Roque Rey

4